UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JAMES A. WASHINGTON, | )<br>) |
| Plaintiff, | ) Case No. 1:12-cv-1158<br>) |
| v. | ) Honorable Janet T. Neff<br>) |
| COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>)<br>) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | )<br>) |
| _____ | ) |

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) benefits. On May 18, 2009, plaintiff filed his application for benefits alleging a May 1, 2009 onset of disability. (A.R. 89-91). His claim was denied on initial review. On January 10, 2011, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 28-50). On March 24, 2011, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 14-21). On August 24, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying his claim for SSI benefits. He argues that the Commissioner's decision should be overturned on the following grounds:

I. The ALJ failed to comply with 20 C.F.R. § [416.927] by failing to consider and/or accord adequate weight to the opinion of the Plaintiff's treating physician.[1]

II. The ALJ's residual functional capacity finding is not supported by substantial evidence under 20 C.F.R. § [416.920a] and SSR 98-6p.

   A. The ALJ committed reversible error by not addressing the findings of physicians assistants and nurses who treated Plaintiff, even though their opinions must be considered in determining how Plaintiff's impairments affect his ability to work. 20 C.F.R. § [416.913(d)] and SSR 96-03p.

   B. The RFC determination failed to consider all Plaintiff's well-documented impairments.

   C. The ALJ's findings on credibility are not supported by the evidence.

(Plf. Brief at iii, docket # 12). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124,

---

[1] I have disregarded all plaintiff's citations to disability insurance benefits (DIB) regulations. In each instance where plaintiff cites a DIB regulation, I assume that he intended to cite the corresponding regulation applicable to his claim for SSI benefits. In addition, I have disregarded all the arguments made by the parties based on evidence never presented to the ALJ. It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision on the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d 469, 478 (6th Cir. 2003); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff did not request a remand to the Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence and he made no attempt to satisfy his statutory burden for entitlement to such a remand. *See Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010).

125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after May 18, 2009, the application date. (A.R. 16). Plaintiff had the severe impairment of degenerative disc disease of the spine. (A.R. 16). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 16). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b). The claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk at least 6 hours out of an 8-hour day and sit for at least 6 hours out of an 8-hour day, all with normal breaks; he should only stoop occasionally.

(A.R. 17). The ALJ found that plaintiff's testimony regarding his subjective functional limitations was not fully credible. (A.R. 17-20). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis[2] because he was capable of performing his past relevant work as a security guard, a bartender, and a shoe salesman. (A.R. 21).

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether an adult claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

**1.**

Plaintiff argues that the ALJ failed to comply with 20 C.F.R. § 416.927 "by failing to consider and/or accord adequate weight to the opinion of the Plaintiff's treating physician," Joel Rojas, M.D. (Plf. Brief at 7-8; Reply Brief at 3). The foundational flaw in this argument is that Dr. Rojas was not plaintiff's treating physician at any time during the period at issue: May 18, 2009, through March 24, 2011. Dr. Rojas "had only seen the claimant on a single occasion," January 19, 2011, nine days after plaintiff's hearing.[3] (A.R. 20, 220-24). It is well established that a single visit fails to establish an ongoing treatment relationship. *See Kornecky v. Commissioner*, 167 F. App'x 496, 506 (6th Cir. 2006) (collecting cases). "Indeed, depending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship." *Id.* at 506-07. Because Dr. Rojas was not a treating physician, the ALJ was "not under any special obligation to defer to h[is] opinion[s] or to explain why he elected not to defer to [them]." *Karger v. Commissioner*, 414 F. App'x 739, 744 (6th Cir. 2011). Nonetheless, the ALJ gave a detailed explanation why he found that the RFC for a limited range of sedentary work suggested by Dr. Rojas[4] was not persuasive. (A.R. 19-20). I find no error.

**2.**

Plaintiff argues that the ALJ's factual finding regarding his RFC is not supported by substantial evidence, because the ALJ committed reversible error by not addressing the findings of

---

[3] The records of subsequent treatment provided by Dr. Rojas that plaintiff filed in support of his application for discretionary review by the Appeals Council cannot be considered, because they were never presented to the ALJ. *See* footnote 1, *supra*.

[4] The issue of RFC is reserved to the Commissioner. 20 C.F.R. §§ 416.927(d)(2), (3).

physician's assistants and nurses who treated plaintiff. (Plf. Brief at 9-11; Reply Brief at 4). It is well established that "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005); *see Boseley v. Commissioner*, 397 F. App'x 195, 199 (6th Cir. 2010).

Physician's assistants and nurses are not "acceptable medical sources." *See* 20 C.F.R. §§ 416.913(a), (d); *see also Payne v. Commissioner*, 402 F. App'x 109, 119 (6th Cir. 2010); *Geiner v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008); *Hayes v. Commissioner*, No. 1:09-cv-1107, 2011 WL 2633945, at * 6 (W.D. Mich. June 15, 2011). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)). The opinions of physician's assistants and nurses fall within the category of information provided by "other sources." *Id.* at * 2; *see* 20 C.F.R. § 416.913(d). "[O]ther source opinions are not entitled to any special deference." *Hill v. Commissioner*, No. 13-6101, slip op. at 4 (6th Cir. Mar. 27. 2014). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 416.912, .927). This is not a demanding standard. It was easily met here. The ALJ considered "all the evidence" (A.R. 14, 17), including the evidence from "other sources." (A.R. 16, 18, 19).

Understandably, the ALJ devoted the majority of his opinion to a discussion of the objective evidence and the opinions offered by acceptable medical sources. (A.R. 17-20). Suffice it to say that if the ALJ's opinion had included a more detailed discussion of the evidence from "other sources," it would have only served to further reinforce the ALJ's factual finding regarding plaintiff's RFC.

Plaintiff filed his application for SSI benefits on May 18, 2009. On November 20, 2009, he received an intake examination at Family Health Center ("Family Health") in Battle Creek. Nurse Practitioner S. Kay Jones found that plaintiff had a full range of motion in his extremities with normal muscle strength and tone. His gait was intact and his station and posture were normal. Nurse Jones offered a diagnosis of low back pain syndrome and dispensed Naprosyn, Amitryptyline HCL, and Flexeril. (A.R. 191-93). In November 2009, plaintiff related to a social worker that he had lost his wallet. She gave him vouchers for three prescription medications, but noted that he would have to pay for any refills. (A.R. 190).

On March 15, 2010, plaintiff returned to Nurse Jones. His gait was intact and his station and posture were normal. He had a full range of motion in his head, neck, spine and extremities. Nurse Jones renewed plaintiff's prescriptions and counseled him on smoking cessation and diet. (A.R. 188-89). On May 6, 2010, plaintiff reported that the over-the-counter pain medication that he had been taking was not providing adequate pain relief. (A.R. 186). Jones dispensed Naprosyn, Amitryptyline HCL, and Flexeril. (A.R. 187). Nurse Jones instructed plaintiff to increase his fluid intake and stop smoking. (A.R. 186-87). On June 14, 2010, plaintiff reported that he had experienced leg numbness which caused him to fall at least once a day. Plaintiff had some muscle tenderness in his lower back and a moderate reduction in range of motion. He

maintained a full range of motion in his extremities and "[n]ormal stability, strength and tone." (A.R. 184-85). On July 9, 2009, plaintiff reported to Nurse Jones that he was experiencing headaches in the "right parietal, right occipital area." He stated that the headaches began three or four months earlier. (A.R. 182). Jones dispensed Diclofenac Sodium tablets in response to the headache symptoms plaintiff reported. (A.R. 183-83, 212-13).

On July 20, 2010, Physician's Assistant Randy Schott at Family Health examined plaintiff. Plaintiff was not in any acute distress. Schott noted that plaintiff "had MRIs which were essentially negative." (A.R. 181). Plaintiff had a limited range of motion in his lumbar spine and a positive straight leg raising test on the left. (A.R. 181). On August 23, 2010, Physician's Assistant Mindock at Family Health noted that plaintiff was in no acute distress. His head and neck had a normal range of motion. He had normal muscle strength and tone and no paraspinal tenderness. He had moderately reduced spinal flexion and extension. (A.R. 179).

On December 15, 2010, plaintiff reported right shoulder pain and increased lower back pain. Plaintiff told Mr. Mindock that he had an upcoming appointment with a neurosurgeon and that he "[w]ould like a cane to use for support when walking." (A.R. 218). Mindock acceded to plaintiff's request. (A.R. 219). Physician's Assistant Mindock noted that plaintiff was "in no acute distress." He had normal muscle strength and tone. His straight leg raising tests were positive and he had paraspinal tenderness. Plaintiff had a full range of motion in his upper extremities. He received prescriptions for Motrin, Robaxin, and Amitryptyline HCL. He was provided with "an information sheet on body mechanics, low back pain, therapeutic exercise, [and] posture." (A.R. 219).

RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. § 416.945(a)(1); *Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). Further, RFC is an administrative finding of fact made by the ALJ on the record as a whole. The ALJ's finding that plaintiff retained the RFC for a limited range of light work is supported by more than substantial evidence, including the evidence provided by "other sources" such as nurses and physician's assistants.

### 3.

Plaintiff argues that the ALJ's factual finding regarding his RFC is deficient because "he completely failed to consider Plaintiff's need for a cane, which had been prescribed by his physician." (Plf. Brief at 12). No physician prescribed cane use. The record shows that in December 2010, plaintiff stated that he "[w]ould like a cane to use for support when walking" on a temporary basis and that Physician's Assistant Mindock did not oppose his request. (A.R. 218-19). This is a far cry from a physician's prescription. The ALJ considered plaintiff's testimony that he needed to use a cane. (A.R. 17, 39-40). On the evidence presented, it was not error for the ALJ to exclude plaintiff's purported need to use a cane from his factual finding regarding plaintiff's RFC.

### 4.

Plaintiff argues that the ALJ's factual finding regarding his credibility is not supported by substantial evidence. (Plf. Brief at 12-13). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920

(6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Plaintiff cites *Rogers v. Commissioner*, 486 F.3d 234 (6th Cir. 2007) for the proposition that "limited daily activities alone cannot discredit allegations of disabling impairments." (Plf. Brief at 12). The *Rogers* decision established no such rule. In fact, the *Rogers* decision began its analysis of the credibility issue by re-emphasizing one of the bedrock foundations of judicial review of a final administrative decision: "It is of course for the ALJ and not the reviewing court to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247 (collecting cases). The panel found that on the specific administrative record before it, where Ms.

Rogers claimed disability on the basis of fibromyalgia, the ALJ's findings were deficient: "In the present case, the ALJ's consideration of Rogers' subjective complaints and assessment of her credibility do not comport with the Administration's requirements." *Id.* at 248. The panel found that the proffered reasons for rejecting Ms. Rogers' testimony were not persuasive and that the ALJ failed to support his factual finding with evidence in the case record. *Id.* at 248-49. With regard to daily activities, the panel found that the ALJ "not only mischaracterize[d] Rogers' testimony regarding the scope of her daily activities, but also fail[ed] to examine the physical effects coextensive with their performance." *Id.* The panel then went on to catalogue the specifics of Ms. Rogers' testimony and how it had been misrepresented in the ALJ's decision. *Id.* The only legal authority cited anywhere in the paragraph emphasized by plaintiff is a footnote citing a portion of 20 C.F.R. § 416.921, a regulation specifying what the Social Security Administration "means by not a severe impairment in an adult." 486 F.3d at 248 n.6 (citing 20 C.F.R. § 416.921(b)). If the Sixth Circuit had intended to overrule its long-established precedent concerning the prerogative of the ALJ to determine whether the claimant's daily activities undercut the claimant's testimony regarding subjective symptoms, it would have said so. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Walters v. Commissioner*, 127 F.3d 525, 531-32 (6th Cir. 1997); *Blacha v. Secretary of Health & Human Servs*, 927 F.2d 228, 231 (6th Cir. 1990) ("As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain."); *see also Smiedebush v. Commissioner*, 536 F. App'x 637, 649 (6th Cir. 2013); *Johnson v. Commissioner*, 535 F. App'x 498, 506 (6th Cir. 2013).

Here, the ALJ found that inconsistencies in plaintiff's testimony and his earlier statements regarding daily activities undermined his credibility:

> The claimant's testimony regarding his daily activities [is] not consistent with the evidence of record. The claimant testified that he does no cleaning or cooking and he testified that five years prior to the hearing was when he last did the cooking. However, in his August 6, 2009 function report, the claimant states that he fixes breakfast. Exhibit 4E page 1. He also stated that he spends most of his daily time watching television. However, in his function report, the claimant stated that he is also able to: complete all personal care and go shopping in stores. It appears from his testimony that the claimant was trying to appear more limited than he actually is. Regardless, the inconsistencies reduce his credibility.

(A.R. 19). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534. I find that the ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: April 1, 2014          /s/ Joseph G. Scoville
                              United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).