UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WASHINGTON,

       Plaintiff,                             Case No: 1:12-cv-1158

v.                                            HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 18). Defendant has filed a response to the objections (Dkt 19). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff raises two issues in his objections:

    (1) the ALJ's residual functional capacity (RFC) findings were not supported by the record because he failed to give proper weight to Dr. Joel Rojas' opinion and because the ALJ did not base his functional findings on any specific medical opinion of record; alternatively, he failed to explain his adoption of an opinion that was not based on the record as a whole;

    (2) the ALJ was required to consider the findings of physician assistants and

>nurse practitioners, and in this case he failed to give their observations weight or explain why they were rejected.

(Dkt 18 at p. ID# 385-86).

As an initial matter, Defendant asserts that Plaintiff's objections should be rejected because they merely reiterate his arguments before the Magistrate Judge, which is improper since rehashing the same arguments made previously defeats the purpose and efficiency of the Federal Magistrate's Act, 28 U.S.C. § 636 (Dkt 19 at p. ID# 392). *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Owens v. Comm'r of Soc. Sec.*, No. 1:12–CV–47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013); *Nickelson v. Warden, Chillicothe Corr. Inst.*, No. 1:11–CV–00334, 2012 WL 700827, at *3 (S. D. Ohio, Mar. 1, 2012). A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, 1992 WL 197286, at *2 (6th Cir. 1992) (unpublished table decision). The above issues merely reiterate Plaintiff's arguments on appeal and do not constitute proper objections to the Report and Recommendation. Plaintiff otherwise demonstrates no factual or legal error by the Magistrate Judge in his review of the ALJ's decision.

## I.  Dr. Rojas' Opinion and RFC Findings

With respect to the first issue raised in his objections, Plaintiff notes that the ALJ considered the opinion of Dr. Joel Rojas as a treating physician and determined it was not entitled to controlling weight, but in contrast, the Magistrate Judge found that because Dr. Rojas had only seen Plaintiff once, he was not a treating physician whose opinion was entitled to deference (Dkt 18 at p. ID# 386). Plaintiff argues that the ALJ should have given more weight to Dr. Rojas' opinion even if he

was not considered a treating source, and without reliance on a medical opinion as the basis for his RFC, there was no basis for the ALJ's RFC determination (*id.* at p. ID# 388).

Plaintiff's argument is without merit. The Magistrate Judge correctly noted that a single visit fails to establish an ongoing treatment relationship (Dkt 17 at p. ID# 377). "[A] plethora of decisions unanimously hold that a single visit does not constitute an ongoing treatment relationship." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006). "'The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once ….'" *Id.* (quoting *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) ("Dr. Ruff examined Mr. Barker on only one occasion, and the rationale of the treating physician doctrine simply does not apply here.")).

In any event, the Magistrate Judge properly found no error with respect to the weight accorded Dr. Rojas' opinion by the ALJ. The Magistrate Judge correctly noted that the ALJ gave a detailed explanation for his conclusion that the RFC for a limited range of sedentary work suggested by Dr. Rojas was not persuasive (Dkt 17 at p. ID# 377, citing A.R. 19-20). The ALJ found that Dr. Rojas' findings were not supported by his examination notes, and that his "mild" findings on examination were not consistent with his opinion limiting Plaintiff to sedentary work (Dkt 7-2 at p. ID# 46). Plaintiff's objection concerning Dr. Rojas' opinion is without merit.

Plaintiff further contends that the ALJ was not free to "make up" an RFC by interpreting raw medical data; that the opinions of Dr. Gause and Dr. Jackson did not consider Plaintiff's 2010 MRI that was considered by Dr. Rojas; and that the ALJ was not qualified to determine whether MRI results could or could not cause Plaintiff's alleged pain and any references by the ALJ or the

Magistrate Judge to "minimal" or "moderate findings" in the MRI reflect improper "medical determinations" (Dkt 18 at p. ID# 386-87). These assertions of error in the ALJ's RFC findings raise no objection to the Report and Recommendation and point to no error by the Magistrate Judge. Accordingly, they provide no basis for relief. The Magistrate Judge properly concluded that the ALJ's RFC finding was supported by more than substantial evidence (Dkt 17 at p. ID# 381).

## II. Other Medical Sources

Plaintiff argues that the ALJ was required to discuss the weight given to the "other medical sources," including the physician's assistants and nurses, and the failure to do so constitutes reversible error (Dkt 18 at p. ID# 388). He asserts that although the Report and Recommendation cited Social Security Ruling (SSR) 06-3p concerning "other medical sources" for the proposition that information from other sources must only be "considered," that Ruling actually requires a more in-depth analysis (*id.* at p. ID# 388-89). Plaintiff states that SSR 06-3p directs that it may be appropriate to give the opinion of an examining "other" medical source more weight than that of an "acceptable" medical source where the specified criteria support that finding (*id.* at 389).

The Magistrate Judge properly concluded that the ALJ met the standards for considering the findings of the physician's assistants and nurses (Dkt 17 at p. ID# 378). The Magistrate Judge noted that while the ALJ understandably devoted the majority of his opinion to discussing the objective medical evidence and the opinions offered by acceptable medical sources, the evidence from "other sources" would have only served to further reinforce the factual findings regarding Plaintiff's RFC (*id.* at p. ID# 379). The Magistrate Judge reviewed in detail the findings of Nurse Practitioner S. Kay Jones, Physician's Assistant Randy Schott, and Physician's Assistant Mindock (*id.* at 379-80). Observing that RFC is an administrative finding of fact made by the ALJ on the record as a whole,

4

the Magistrate Judge concluded that the ALJ's finding that Plaintiff retained the RFC for a limited range of light work was supported by more than substantial evidence, including the evidence provided by "other sources" such as nurses and physician's assistants (*id.* at 381). Contrary to Plaintiff's argument, no reversible error occurred with regard to the consideration of other medical sources' findings in determining Plaintiff's RFC.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 18) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 17) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion.


Dated:   July 23 , 2014                                  /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge